UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-Civ-61139-Scola/Seltzer

MANUEL ZELAYA, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

NEWPORT MARKETING, LLC, a Florida limited liability company, NEWPORT HOSPITALITY, LLC, a Florida limited liability company, and NEWPORT VACATIONS MANAGER, LLC, a Florida limited liability company,

    Defendants.

**DEFENDANTS' STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendants Newport Marketing, LLC, Newport Hospitality, LLC and Newport Vacations Manager, LLC (collectively, "Defendants") by and through their undersigned counsel, and pursuant to S.D Fla. Local Rule 56.1, hereby file their Statement of Material Facts in Support of their Motion to Dismiss the Complaint, or, in the alternative, for Summary Judgment.

**STATEMENT OF MATERIAL FACTS**

1.    Newport Marketing, LLC ("Newport Marketing") provides marketing services for certain interval ownership condominium units (i.e, "time-share" condominium units) for Newport Beachside Hotel & Resort. (Hurowitz Decl., ¶ 2)[1]

2.    Newport Marketing did not make telephone calls to Plaintiff, or anyone else, to

---

[1] The Declaration of Steven Hurowitz in Support of Motion to Dismiss the Complaint, or, in the alternative, for Summary Judgment dated September 3, 2013 ("Hurowitz Decl.") is being filed concurrently with this Statement of Material Facts.

promote resorts or time-share offers.  (Hurowitz Decl., ¶ 3)

3. The telephone numbers identified in the Complaint – (302) 394-6888, (954) 334-3110, and (305) 260-6112 – do not belong to Newport Marketing or any other named Defendant. (Hurowitz Decl., ¶ 4)

4. Newport Marketing entered into written agreements (the "Agreements") with third parties to generate qualified tours for sales programs promoting the "time-share" units. These third-party marketers were engaged to procure qualified prospects ("leads") using reasonable and suitable marketing methods, strictly subject to applicable law.  (Hurowitz Decl., ¶ 5, Exs. 1-4)

5. The Agreements expressly designate that the third-parties with whom Newport Marketing contracted were in fact independent contractors.  (Hurowitz Decl., ¶ 5, Ex. 1 § 10; Ex. 2 § 3; Ex. 3 § 3; Ex. 4 § 9)

6. The Agreements require the independent contractors to comply with all applicable state and federal Do Not Call laws, rules, regulations, and requirements, and all other applicable local, state and federal laws pertaining to telemarketing, solicitation, and consumer protection, including the TCPA.  (Hurowitz Decl., ¶ 5, Ex. 1 §§ 1(a), (d), § 6; Ex. 2 §§ 1.6(a), (e); Ex. 3 §§ 1.6(a), (e); Ex. 4 § 1(g))

7. Newport Marketing did not direct, control, advise, lead or oversee any of these third-party marketers' actions or efforts in generating leads.  Newport Marketing was not involved in any call activities of these third parties.  Newport Marketing never had access to any call records, or any information regarding the calls made or telephones used to make the calls. (Hurowitz Decl., ¶ 6)

8. The Agreements do not confer Newport Marketing the right to control the manner

and means by which outbound calls were made.  The Agreements do not specify that a certain type of equipment or technology must be used to make outbound calls and one agreement expressly provides that using automatic or predictive dialers to dial wireless numbers is prohibited.  (Hurowitz Decl., ¶ 5, Ex. 1, Ex. B, § 4).  The Agreements do not direct the independent contractors to contact persons listed on the National Do Not Call Registry or any similar registry.  (Hurowitz Decl., ¶ 5, Exs. 1-4)

9. The Agreements do not confer Newport Marketing a right of control or supervision over the day-to-day activities of the independent contractors.  (Hurowitz Decl., ¶ 5, Exs. 1-4).

## CERTIFICATE OF SERVICE

We hereby certify that on September 3, 2013, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Dated:  September 3, 2013

Respectfully submitted,

By: */s/Rachel B. Mervis*
Rachel B. Mervis (Florida Bar No. 0086147)
DLA PIPER LLP (US)
200 South Biscayne Boulevard, Suite 2500
Miami, Florida  33131-5341
Tel:  (305) 423-8500
Fax: (305) 437-8131
rachel.mervis@dlapiper.com

Joshua Briones (admitted *pro hac vice*)
Anahit Tagvoryan (admitted *pro hac vice*)
DLA PIPER LLP (US)

2000 Avenue of the Stars
Suite 400 – North Tower
Los Angeles, California  90067
Tel:  (310) 595-3076
Fax: (310) 595-3376
joshua.briones@dlapiper.com
ana.tagvoryan@dlapiper.com

and

Franklin L. Zemel (Florida Bar No. 816620)
Lori Adelson (Florida Bar No. 0196428)
ARNSTEIN & LEHR LLP
200 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida  33301
Tel:  (954) 713.7600
Fax: (954) 713-7710
franklin.zemel@arnstein.com
ladelson@arnstein.com

*Attorneys for Defendants, Newport Marketing, LLC, Newport Hospitality, LLC and Newport Vacations Manager, LLC*

## CERTIFICATE OF SERVICE

We hereby certify that on September 3, 2013, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                /s/Rachel B. Mervis
                Rachel B. Mervis

# SERVICE LIST
*Manuel Zelaya v. Newport Marketing, LLC, Newport Hospitality, LLC,
and Newport Vacations Manager, LLC*
Case No. 13-Civ-61139-Scola/Seltzer

| | |
|---|---|
| Stefan Louis Coleman<br>LAW OFFICES OF STEFAN COLEMAN, PLLC<br>201 South Biscayne Boulevard, 28th Floor<br>Miami, Florida  33131<br>Tel:  (877) 333-9427<br>Fax: (888) 498-9846<br>law@stefancoleman.com<br><br>J. Dominick Larry<br>EDELSON LLC<br>350 North LaSalle<br>Suite 1300<br>Chicago, Illinois  60654<br>Tel:  (312) 572-7212<br>Fax: (312) 589-6378<br>nlarry@edelson.com<br><br>Scott David Owens<br>SCOTT D. OWENS, P.A.<br>664 East Hallandale Beach Boulevard<br>Hallandale, Florida  33009<br>Tel:  (954) 589-0588<br>Fax: (954) 337-0666<br>scott@scottdowens.com<br><br>*Attorneys for the Plaintiff, Manuel Zelaya* | Rachel B. Mervis (Florida Bar No. 0086147)<br>DLA PIPER LLP (US)<br>200 South Biscayne Boulevard, Suite 2500<br>Miami, Florida 33131-5341<br>Tel:  (305) 423-8500<br>Fax: (305) 437-8131<br>rachel.mervis@dlapiper.com<br><br>Joshua Briones (admitted *pro hac vice*)<br>Anahit Tagvoryan (admitted *pro hac vice*)<br>DLA PIPER LLP (US)<br>2000 Avenue of the Stars<br>Suite 400 – North Tower<br>Los Angeles, California  90067<br>Tel:  (310) 595-3076<br>Fax: (310) 595-3376<br>joshua.briones@dlapiper.com<br>ana.tagvoryan@dlapiper.com<br><br>Franklin L. Zemel (Florida Bar No. 816620)<br>Lori Adelson (Florida Bar No. 0196428)<br>ARNSTEIN & LEHR LLP<br>200 East Las Olas Boulevard, Suite 1700<br>Fort Lauderdale, Florida 33301<br>Tel:  (954) 713.7600<br>Fax: (954) 713-7710<br>franklin.zemel@arnstein.com<br>ladelson@arnstein.com<br><br>*Attorneys for Defendants, Newport Marketing, LLC, Newport Hospitality, LLC and Newport Vacations Manager, LLC* |