EXHIBIT A

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-cv-61139-Scola/Seltzer

| | |
|---|---|
| MANUEL ZELAYA, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NEWPORT MARKETING, LLC, a Florida limited liability company, NEWPORT HOSPITALITY, LLC, a Florida limited liability company, and NEWPORT VACATIONS MANAGER, LLC, a Florida limited liability company,<br><br>　　　　Defendants. | |

## DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

The text and structure of the TCPA provide another basis for Rule 12(b)(6) dismissal of Plaintiff's claim under Section 227(c)(5).  The express language of Section 227(c), particularly when read in conjunction with Section 227(b), makes clear that Section 227(c) only regulates calls to landline or "residential" telephones.  Plaintiff specifically pleads that the alleged calls made by these third party marketers were to his cellular telephone.  Complaint ¶ 21.  Plaintiff has thus pled himself out of court.

Congress made its express intent to cabin the reach of subsection (c) (and the FCC's authority) known through explicit statutory language, directing the FCC to initiate rulemaking only as to "**residential telephone subscribers'** privacy rights."  47 U.S.C. § 227(c)(1).  Nowhere does subsection (c) proscribe calls to a "cellular telephone" – a term Congress chose to use in subsection (b) when regulating autodialer calls.  In fact, even within subsection (b), Congress distinguishes between these two terms.  Section 227(b)(1)(B) makes it unlawful to "initiate any telephone call to any **residential telephone line**" using an artificial or prerecorded voice.  47 U.S.C. § 227(b)(1)(B) (emphasis added).  Section 227(b)(1)(A)(iii) makes it unlawful to use an automated dialing system or artificial or prerecorded voice to make a call to, *inter alia*, "any telephone number assigned to a ... **cellular telephone service**" or any other "service for which the called party is charged for the call."  47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).

Congress's considered choice to use the term "residential telephone subscribers" only, and to omit "cellular telephone service," in subsection (c) commands respect.  Indeed, this very Court previously recognized and affirmed those differences in construing subsection (b), observing that "the TCPA's residential calls prohibition is contained within a separate subsection from the cellular calls prohibition" and that "[p]ractical realities support a distinction between residential and cellular lines."  *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1320

(S.D. Fla. 2012). The presumption that a statute uses a single phrase consistently, *Mohasco Corp. v. Silver*, 447 U.S. 807 (1980), confirms that Congress intended "residential telephone" and "cellular telephone" to have distinct meanings.

This presumption applies with even greater force because Congress used "less expansive" language and more expansive language in sections that "immediately follow[]" one another. *Russello v. United States*, 464 U.S. 16, 23 (1983). These textual differences are significant; courts do not "presume to ascribe" such differences to "a simple mistake in draftsmanship." *Id*. Indeed, Congress "further distinguished" between these two subsections by specifying that the provisions of subsection (c) "shall not be construed to permit a communication prohibited by subsection (b) of this section." *Adamcik v. Credit Control Servs., Inc.*, 832 F. Supp. 2d 744, 753 (W.D. Tex. 2011) (quoting 47 U.S.C. § 227(c)(6)), *appeal dismissed* (Feb. 29, 2012). In other words, a communication that does not violate subsection (c) may still violate subsection (b). In this case, the communications – as applied to Defendants – do not violate either. While liability under section (c)(5) turns on compliance with FCC regulations promulgated under (c)(1), FCC do-not-call regulations proscribing calls to cellular phones are beyond the Commission's statutory mandate. Because "Congress has ... directly spoken on the issue" in a manner that is directly contrary to the FCC's regulations, this Court need not defer to the FCC's authority. *Mais v. Gulf Coast Collection Bureau, Inc.*, No. 11-61936-CIV, 2013 WL 1899616, at *13 (S.D. Fla. May 8, 2013). Accordingly, Plaintiff's second claim for relief fails as a matter of law.

Dated:  September 24, 2013                Respectfully submitted,

By: *s/Rachel B. Mervis*
Rachel B. Mervis (Florida Bar No. 0086147)
rachel.mervis@dlapiper.com
DLA PIPER LLP (US)
200 South Biscayne Boulevard, Suite 2500
Miami, Florida  33131-5341

Tel:  (305) 423-8500
Fax: (305) 437-8131

Joshua Briones (admitted *pro hac vice*)
joshua.briones@dlapiper.com
Anahit Tagvoryan (admitted *pro hac vice*)
ana.tagvoryan@dlapiper.com
DLA PIPER LLP (US)
2000 Avenue of the Stars
Suite 400 – North Tower
Los Angeles, California  90067
Tel:  (310) 595-3076
Fax: (310) 595-3376

and

Franklin L. Zemel (Florida Bar No. 816620)
franklin.zemel@arnstein.com
Lori Adelson (Florida Bar No. 0196428)
ladelson@arnstein.com
ARNSTEIN & LEHR LLP
200 East Las Olas Boulevard, Suite 1700
Ft. Lauderdale, Florida  33301
Tel:  (954) 713-7600
Fax: (954) 713-7710

*Attorneys for Defendants, Newport Marketing, LLC, Newport Hospitality, LLC and Newport Vacations Manager, LLC*

## CERTIFICATE OF SERVICE

We hereby certify that on September 24, 2013, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Rachel B. Mervis*
Rachel B. Mervis

## SERVICE LIST
*Manuel Zelaya v. Newport Marketing, LLC, Newport Hospitality, LLC,*
*and Newport Vacations Manager, LLC*
**Case No. 13-cv-61139-Scola/Seltzer**

| | |
|---|---|
| Stefan Louis Coleman<br>LAW OFFICES OF STEFAN COLEMAN, PLLC<br>201 South Biscayne Boulevard<br>28th Floor<br>Miami, Florida  33131<br>Tel:  (877) 333-9427<br>Fax: (888) 498-9846<br>law@stefancoleman.com<br><br>J. Dominick Larry<br>EDELSON LLC<br>350 North LaSalle<br>Suite 1300<br>Chicago, Illinois  60654<br>Tel:  (312) 572-7212<br>Fax: (312) 589-6378<br>nlarry@edelson.com<br><br>Scott David Owens<br>SCOTT D. OWENS, P.A.<br>664 East Hallandale Beach Boulevard<br>Hallandale, Florida  33009<br>Tel:  (954) 589-0588<br>Fax: (954) 337-0666<br>scott@scottdowens.com<br><br>*Attorneys for the Plaintiff, Manuel Zelaya* | Rachel B. Mervis<br>DLA PIPER LLP (US)<br>200 South Biscayne Boulevard<br>Suite 2500<br>Miami, Florida  33131-5341<br>Tel:  (305) 423-8500<br>Fax: (305) 437-8131<br>rachel.mervis@dlapiper.com<br><br>Joshua Briones (admitted *pro hac vice*)<br>Anahit Tagvoryan (admitted *pro hac vice*)<br>DLA PIPER LLP (US)<br>2000 Avenue of the Stars<br>Suite 400 – North Tower<br>Los Angeles, California  90067<br>Tel:  (310) 595-3076<br>Fax: (310) 595-3376<br>joshua.briones@dlapiper.com<br>ana.tagvoryan@dlapiper.com<br><br>Franklin L. Zemel<br>Lori Adelson<br>ARNSTEIN & LEHR LLP<br>200 East Las Olas Boulevard<br>Suite 1700<br>Ft. Lauderdale, Florida  33301<br>Tel:  (954) 713.7600<br>Fax: (954) 713-7710<br>franklin.zemel@arnstein.com<br>ladelson@arnstein.com<br><br>*Attorneys for Defendants, Newport Marketing, LLC, Newport Hospitality, LLC and Newport Vacations Manager, LLC* |