IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:13-CV-61139-RNS

MANUEL ZELAYA, individually and on behalf of all others similarly situated,

*Plaintiff*,

v.

NEWPORT MARKETING, LLC, a Florida limited liability company, NEWPORT HOSPITALITY, LLC, a Florida limited liability company, and NEWPORT VACATIONS MANAGER, LLC, a Florida limited liability company,

*Defendants*.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

On September 3, 2013, Defendants Newport Marketing, LLC, Newport Hospitality, LLC, and Newport Vacations Manager, LLC (collectively, "Defendants") filed alternative motions seeking dismissal under Rule 12(b)(6) and summary judgment under Rule 56 ("Dismissal Motion"). (Dkt. 24.) Three weeks later, Defendants sought leave to supplement their Dismissal Motion by adding an entirely new argument that their attorneys came across during "further investigation." (Dkt. 30 at ¶ 2.) Defendants offer no excuse—let alone a justifiable one—for their failure to raise the new argument in their Dismissal Motion. As such, Defendants' Motion for Leave to Supplement should be denied.

**ARGUMENT**

Local Rule 7.1(c) prohibits parties from filing any "further or additional memoranda of law," beyond those supporting motions, responses in opposition to motions, and replies, "without

1

prior leave of Court." Defendants contend that they should be allowed to supplement their Dismissal Motion because "further investigation into the applicable statutory authority" allowed them to uncover an additional argument in support of their Dismissal Motion. (Def. Mot. at ¶ 2.) Absent any justification for their failure to make this argument the first time around, however, Defendants' Motion fails.

The Eleventh Circuit has approved the use of the "excusable neglect" standard to determine whether to allow a party to supplement a motion or response after a deadline has passed. *See Dream Custom Homes, Inc. v. Modern Day Const., Inc.*, 476 F. Appx. 190, 193 (11th Cir. 2012). Under that test, a district court considers (1) "the circumstances around the omission," (2) "the danger of prejudice to the non-moving party," (3) "the length of the delay and its impact on the proceedings," (4) "the reason for the delay," (5) "whether the delay was within the control of the moving party," and (6) "whether the moving party acted in good faith." *Id.* (citing *Pioneer Invs. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993)). Here, the factors weigh against supplementation.

Here, Defendants had more than ample time to research "the applicable statutory authority," and have offered no reason why they should be given a second bite at the apple. In fact, Defendants had the additional benefit of three separate thirty-day extensions that they received before filing their Dismissal Motion. In other words, they had *104 days* to investigate the "applicable statutory authority" and determine which arguments to raise. (*See* Dkts. 7, 14, 18, 22, 26.) Defendants do not contend that there was a change in facts or law justifying their late addition of this argument, nor do they provide good cause for making additional arguments after the deadline for filing their dismissal papers. In short, Defendants had ample time to develop their arguments (but apparently failed to do so), and thus, the delay was entirely within

Defendants' control. As they offer no justification or reason whatsoever for the delay, Defendants' Motion should be denied.

None of Defendants' authorities support their motion to supplement. First, the court in *Tull Brothers, Inc. v. Peerless Productions, Inc.*, No. 12-0314-KD-M, 2012 WL 5987407, at *1 (S.D. Ala. Nov. 29, 2012), dealt with a motion to amend a pleading under Rule 15—not a motion to supplement a memorandum. In fact, the language selectively quoted by the Defendants from that case comes directly from Rule 15 itself, and bears only on the propriety of amending complaints and answers. *Id.* (quoting Fed. R. Civ. P. 15). Next, the opinions cited from *Tower Ins. Co. of New York v. Blocker*, No. 2:12-cv-410-Ftm-29SPC, 2013 WL 499863, at *1 (M.D. Fla. Feb. 8, 2013) and *Lankford v. Carnival Corp.*, No. 12-24408-CIV, ECF No. 26 (S.D. Fla. Feb. 26, 2013), contain no discussion or explanation of why supplementation was allowed. As they offer no analytical support for Defendants' motion, Defendants' authorities simply demonstrate that one court within this District has granted a motion like Defendants' under unknown circumstances. But courts also frequently deny such motions. *See, e.g.*, *Dream Custom Homes, Inc.*, 476 F. Appx. at 193 (affirming district court's denial of motion to supplement response to summary judgment motion); *Marajh v. Broadspire Servs., Inc.*, 07-60975-CIV-ZLOCH, 2008 WL 5063870, at *11 (S.D. Fla. Nov. 21, 2008) (denying motion to supplement summary judgment response where plaintiff had failed to move for an extension of briefing schedule); *In re Accutane Prods. Liab.*, MDL. 1626, 2009 WL 3462395 (M.D. Fla. Oct. 28, 2009) *aff'd,* 378 F. Appx. 929 (11th Cir. 2010) (denying motion to supplement summary judgment opposition).

For these reasons, and given that Defendants requested and received multiple extensions before filing their Motion, and offer no excuse or reason for their inability to assert their

supplemental argument in their original briefing, Defendants' motion to supplement should be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motion in its entirety, and grant Plaintiff such other further relief as it deems reasonable and necessary.

                                      Respectfully submitted,

Dated: October 4, 2013                    **Manuel Zelaya,** individually and on behalf of all others similarly situated,

                                      By: /s/ Scott D. Owens
                                      One of Plaintiff's Attorneys

Scott D. Owens, Esq.
LAW OFFICES OF SCOTT D. OWENS, ESQ.
664 E. Hallandale Beach Blvd.
Hallandale, Florida 33309
scott@scottdownes.com

By: /s/ J. Dominick Larry
One of Plaintiff's Attorneys

Rafey S. Balabanian (rbalabanian@edelson.com)
Ari J. Scharg (ascharg@edelson.com)
Christopher Dore (cdore@edelson.com)
J. Dominick Larry* (nlarry@edelson.com)
EDELSON LLC
350 North LaSalle, Suite 1300
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378
* admitted *pro hac vice*

Stefan Coleman, Esq. (law@stefancoleman.com)
LAW OFFICES OF STEFAN COLEMAN, LLC
201 S. Biscayne Blvd., 28th Floor
Miami, Florida 33131
law@stefancoleman.com

*Attorneys for Plaintiff and the Putative Classes*

## **CERTIFICATE OF SERVICE**

  I, Scott D. Owens, an attorney, certify that on October 4, 2013, I served the above and foregoing ***Plaintiff's Response in Opposition to Defendants' Motion for Leave to File Supplemental Memorandum of Law in Support of Defendants' Motion to Dismiss***, by causing true and accurate copies of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system, on this, October 4, 2013

               s/ Scott D. Owens