**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 13-61139-Civ-SCOLA**

MANUEL ZELAYA,

    Plaintiff,

vs.

NEWPORT MARKETING, LLC, *et al.*,

    Defendants.

_____/

**Order Closing Case Upon Notice Of Settlement**

    The parties have settled this matter, and it will be administratively closed pending the filing of a stipulation of final dismissal, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), or the Plaintiff moving for dismissal pursuant to Rule 41(a)(2).  A stipulation of final dismissal, or a motion for dismissal, shall be filed by **April 10, 2014**.  If the parties file a stipulation of final dismissal pursuant to Rule 41(a)(1)(A)(ii) and wish to have this Court retain jurisdiction to enforce their settlement, the parties must include the following sentence in their stipulation of dismissal:  "The effectiveness of this stipulation of dismissal is conditioned upon the Court's entry of an order retaining jurisdiction to enforce the terms of the settlement agreement reached in this case."  This sentence is required because a joint stipulation of dismissal is otherwise self-executing and deprives the Court of jurisdiction to do anything further.  *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012).

    The Clerk shall **close** this case.  Any party may move to re-open the case if there is a problem in reaching a final settlement agreement.  Any pending motions are **denied** as moot.

    **Done and ordered** in chambers, at Miami, Florida, on March 14, 2014.

                                                     _____
                                                    Robert N. Scola, Jr.
                                                    **United States District Judge**